UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:_____

ANGELA BREEDING,
        Plaintiff,

v.

AGE MANAGEMENT OPTIMAL
HEALTH & WELLNESS LLC, a Florida
Limited Liability Company, and
MMJ FLORIDA LLC d/b/a MEDICAL
MARIJUANA CLINIC, a Florida Limited
Liability Company,

        Defendants.

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, ANGELA BREEDING ("Breeding") files her Complaint against Defendants, AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC ("AGE MANAGEMENT") and MMJ FLORIDA LLC d/b/a MEDICAL MARIJUANA CLINIC ("MARIJUANA CLINIC") (collectively referred to herein as the "Company"), alleging violations of Title VII of the Civil Rights Act of 1964, and state law claims under the Florida Civil Rights Act, Fla. Stat. §448.102, and unpaid wages, and states as follows:

1

## JURISDICTION, PARTIES, & VENUE

1.      This is an action under federal violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. for which this Court has federal jurisdiction pursuant to 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over BREEDING's state law claims pursuant to 28 U.S.C. § 1367(a), as they are so related to the federal claims that they form part of the same case or controversy.

3.      Venue is proper in this district as a substantial part of the events giving rise to the claims occurred and/or were committed in Hillsborough County, Florida.

4.       AGE MANAGEMENT and MARIJUANA CLINIC are joint employers for whom BREEDING worked for in this District.

5.      BREEDING is *sui juris* and was a resident or worked in this District.

6.      AGE MANAGEMENT is a Florida limited liability company doing business in Hillsborough County, Florida.

7.      MARIJUANA CLINIC is a Florida limited liability company doing business in Hillsborough County, Florida.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

## CONDITIONS PRECEDENT

8.     BREEDING has fulfilled all conditions precedent to the institution of this lawsuit and/or such conditions have been waived.

## GENERAL ALLEGATIONS

*Joint Employers:*

9.     Martyn Jones is the principal, founder, and owner of AGE MANAGEMENT and MARIJUANA CLINIC.

10.     AGE MANAGEMENT retains sufficient control over the operations of MARIJUANA CLINIC, including the essential terms and conditions of employment.

11.     Upon information and belief, AGE MANAGEMENT and MARIJUANA CLINIC jointly employ all of their employees and, together, employ fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

12.     Upon information and belief, AGE MANAGEMENT and MARIJUANA CLINIC are joint employers or integrated enterprises since they have a centralized control of labor relations, including their use of the same leadership, common management, and interrelated operations.

3

13. AGE MANAGEMENT and MARIJUANA CLINIC's operations are highly integrated with respect to their governance, policies, procedure, and operations.

14. Notably, AGE MANAGEMENT and MARIJUANA CLINIC do not have a human relations department.

15. At all times material hereto, AGE MANAGEMENT and MARIJUANA CLINIC were engaged in operating health and wellness centers in Hillsborough County, Florida.

### *Employment of BREEDING:*

16. In or around April 2019, BREEDING was hired by AGE MANAGEMENT and/or MARIJUANA CLINIC to serve as the Office Assistant.

17. AGE MANAGEMENT and/or MARIJUANA CLINIC paid BREEDING, jointly and severally, a total overall salary of approximately, $85,170.00.

18. By all accounts, BREEDING performed her job very well, assisting in a variety of duties including but not limited to: Payroll Management, Project Management, Vendor and Pharmacy Negotiation, Customer Relations, Time

4

Management, Conflict Resolution, Team Leadership, Process Improvement, Inventory and Order Management, and Staff Training and Development.

19.    BREEDING often received positive praise for her performance as the Office Assistant.

***Sexual Harassment:***

20.    Throughout BREEDING's employment with the Company, she was subjected to severe and pervasive harassment by Jones based on her sexual orientation.

21.    Jones made repeated sexually suggestive or inappropriate remarks to BREEDING, including but not limited to:

a. On or about September 24, 2025, Jones said "if you dress too sexy tomorrow, I might have to change seats";

b. On April 24, 2025, Jones said "Angela, baby, I'll so spoil you when you want it" and "both take care of your bodies, I can look but can't touch, both super hot"; and

c. On May 10, 2024, Jones said "I would marry you if you were single."

(the "Sexual Remarks"). A copy of the Sexual Remarks is attached hereto as Composite Exhibit "A."

5

22.     Jones acknowledged and admitted to making sexually harassing comments toward BREEDING, stating that he had overstepped his role and would not be surprised if BREEDING contacted "Morgan & Morgan" to sue him.

*Retaliatory Termination:*

23.     In or around May 2025, the Food and Drug Administration ("FDA") raided the Company's facility and confiscated certain items, that the U.S. Government deemed to be illegal.

24.     In connection with same, BREEDING was interviewed by FDA agents and had a lawful obligation to respond to the FDA agents' requests.

25.     Shortly thereafter, BREEDING's employment with the Company was terminated on May 22, 2025.

26.     The decision to abruptly terminate BREEDING shortly after the FDA raided the Company's facility strongly suggests that the Company terminated BREEDING because of her participation in the investigation process by the FDA.

27.     AGE MANAGEMENT and MARIJUANA CLINIC, jointly or separately, took adverse actions against BREEDING for engaging in a protected activity, whereby her participation in the investigation process by the FDA was a motivating factor in her termination.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

*__Unpaid Wages:__*

28.    After the Company terminated BREEDING's employment, AGE MANAGEMENT and/or MARIJUANA CLINIC failed to pay her last paycheck for the period of May 5, 2025, to May 16, 2025, in addition to approximately two (2) weeks of pay for unused paid time off ("PTO").

29.    AGE MANAGEMENT and MARIJUANA CLINIC, jointly or severally, owe BREEDING her last paycheck in the total amount of $3,108.00, plus approximately two (2) weeks of pay for unused PTO.

30.    Despite demand, the Company has failed to pay BREEDING her unpaid compensation.

## ATTORNEYS' FEES

31.    BREEDING has retained the undersigned law firm to represent her in the lawsuit and has agreed to pay it a reasonable fee for its services.

## COUNT I: SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC

32.    BREEDING repeats and realleges the allegations set forth in Paragraphs 1-31 as though fully stated herein.

7

33.    While BREEDING was an employee of AGE MANAGEMENT, she was subjected to unwelcomed harassment by Jones based on her sexual orientation.

34.    Jones made repeated sexually suggestive or inappropriate remarks to BREEDING, including but not limited to:

a. On or about September 24, 2025, Jones said "if you dress too sexy tomorrow, I might have to change seats";

b. On April 24, 2025, Jones said "Angela, baby, I'll so spoil you when you want it" and "both take care of your bodies, I can look but can't touch, both super hot"; and

c. On May 10, 2024, Jones said "I would marry you if you were single."

35.    The harassment was severe and pervasive, creating an intimidating, hostile, and offensive work environment that unreasonably interfered with BREEDING's work performance.

36.    The harassment perpetrated by the Principal/Founder/Owner of AGE MANAGEMENT, who held a position of authority, significantly intensified the hostile and intimidating nature of the work environment.

8

37.     AGE MANAGEMENT knew or should have known of the harassment and failed to take appropriate remedial action.

38.     As a direct and proximate result of the hostile work environment, BREEDING has suffered and continues to suffer damages.

39.     AGE MANAGEMENT's actions in creating and maintaining a hostile work environment were intentional, willful, malicious, and/or done with reckless disregard for BREEDING's protected rights, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, BREEDING, respectfully requests judgment in her favor against Defendant, AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC, for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, punitive damages upon proper Motion, attorneys' fees and costs under 42 U.S.C. §1988, and such other further relief that this Court deems just and equitable.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

## COUNT II: SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC

40.    BREEDING repeats and realleges the allegations set forth in Paragraphs 1-31 as though fully stated herein.

41.    While BREEDING was an employee of AGE MANAGEMENT, she was subjected to unwelcomed harassment by Jones based on her sexual orientation.

42.    Jones made repeated sexually suggestive or inappropriate remarks to BREEDING, including but not limited to:

a. On or about September 24, 2025, Jones said "if you dress too sexy tomorrow, I might have to change seats";

b. On April 24, 2025, Jones said "Angela, baby, I'll so spoil you when you want it" and "both take care of your bodies, I can look but can't touch, both super hot"; and

c. On May 10, 2024, Jones said "I would marry you if you were single."

43.    The harassment was severe and pervasive, creating an intimidating, hostile, and offensive work environment that unreasonably interfered with BREEDING's work performance.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

44.     The harassment perpetrated by the Principal/Founder/Owner of AGE MANAGEMENT, who held a position of authority, significantly intensified the hostile and intimidating nature of the work environment.

45.     AGE MANAGEMENT knew or should have known of the harassment and failed to take appropriate remedial action.

46.     As a direct and proximate result of the hostile work environment, BREEDING has suffered and continues to suffer damages.

47.     AGE MANAGEMENT's actions in creating and maintaining a hostile work environment were intentional, willful, malicious, and/or done with reckless disregard for BREEDING's protected rights, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, BREEDING, respectfully requests judgment in her favor against Defendant, AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC, for violation of the FCRA and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, punitive damages upon proper Motion, interest, attorneys' fees under Fla. Stat. §760.11, and costs, and such other further relief that this Court deems just and equitable.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC

48.    BREEDING repeats and realleges the allegations set forth in Paragraphs 1-31 as though fully stated herein.

49.    In or around May 2025, the FDA raided AGE MANAGEMENT's facility and confiscated certain items.

50.    In connection with same, BREEDING was interviewed by FDA agents and had a lawful obligation to respond to the FDA agents' requests.

51.    AGE MANAGEMENT knew that BREEDING participated in the FDA investigation and provided information regarding AGE MANAGEMENT's violation of the law prohibiting illegal cosmetic drugs to be delivered or used for or by AGE MANAGEMENT.

52.    Shortly thereafter, on May 22, 2025, AGE MANAGEMENT terminated BREEDING's employment.

53.    The termination occurred within weeks of BREEDING's participation in the investigation process by the FDA.

54.    AGE MANAGEMENT's termination of BREEDING is causally connected to her participation in the investigation of illegal activities by the FDA.

12

55.     As a result of the retaliation, BREEDING has suffered and continues to suffer damages, including but not limited to loss of income, mental anguish, humiliation, anxiety, loss of enjoyment of life and embarrassment.

56.     BREEDING has been injured as a direct and proximate result of the willful and intentional violations of her rights under Title VII.

WHEREFORE, Plaintiff, BREEDING, respectfully requests judgment in her favor against Defendant, AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC for retaliation in violation of the Title VII of the Civil Rights Act of 1964, and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, punitive damages upon proper Motion, attorneys' fees and costs under 42 U.S.C. §1988, and such other further relief that this Court deems just and equitable.

## COUNT IV: RETALIATION UNDER FLA. STAT. §448.102 (FLORIDA PRIVATE WHISTLEBLOWER ACT) AGAINST AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC

57.     BREEDING repeats and realleges the allegations set forth in Paragraphs 1-31 as though fully stated herein.

58.     In or around May 2025, the FDA raided AGE MANAGEMENT's facility and confiscated certain items.

13

59.    In connection with same, BREEDING was interviewed by FDA agents and had a lawful obligation to respond to the FDA agents' requests.

60.    AGE MANAGEMENT knew that BREEDING participated in the FDA investigation and provided information regarding AGE MANAGEMENT's violation of the law prohibiting illegal cosmetic drugs to be delivered or used for or by AGE MANAGEMENT.

61.    Shortly thereafter, on May 22, 2025, AGE MANAGEMENT terminated BREEDING's employment.

62.    The termination occurred within weeks of BREEDING's participation in the investigation process by the FDA.

63.    AGE MANAGEMENT's termination of BREEDING is causally connected to her participation in the investigation of illegal activities by the FDA.

64.    As a result of the retaliation, BREEDING has suffered and continues to suffer damages, including but not limited to loss of income, mental anguish, humiliation, anxiety, loss of enjoyment of life and embarrassment.

65.    BREEDING has been injured as a direct and proximate result of the willful and intentional violations of her rights under the Florida Private Whistleblower Act.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

WHEREFORE, Plaintiff, BREEDING, respectfully requests judgment in her favor against Defendant, AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC for retaliation in violation of the Florida Private Whistleblower Act, and seeks back pay, front pay, compensatory damages, punitive damages upon proper Motion, attorneys' fees and costs pursuant to Fla. Stat. §448.104, and such other further relief that this Court deems just and equitable.

## COUNT V: UNPAID WAGES AGAINST AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC

66.    BREEDING repeats and realleges the allegations set forth in Paragraphs 1-31 as though fully stated herein.

67.    AGE MANAGEMENT last paid BREEDING for work performed from April 21, 2025, to May 2, 2025.

68.    Accordingly, AGE MANAGEMENT owes BREEDING her wages for work performed from May 5, 2025 to May 16, 2025, in addition to approximately two (2) weeks of pay for unused PTO.

69.    AGE MANAGEMENT has failed to pay BREEDING her wages in the amount of $3,108.00 for the period of May 5, 2025 to May 16, 2025, in addition to approximately two (2) weeks of pay for unused PTO.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

WHEREFORE, Plaintiff, BREEDING, respectfully requests judgment in her favor against Defendant, AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC, jointly and severally with Defendant, MMJ FLORIDA LLC d/b/a MEDICAL MARIJUANA CLINIC, for damages, interest, attorneys' fees and costs pursuant to Fla. Stat. §448.08, and such other further relief that this Court deems just and equitable.

## COUNT VI: SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST MMJ FLORIDA LLC

70.     BREEDING repeats and realleges the allegations set forth in Paragraphs 1-31 as though fully stated herein.

71.     While BREEDING was an employee of MARIJUANA CLINIC, she was subjected to unwelcomed harassment by Jones based on her sexual orientation.

72.     Jones made repeated sexually suggestive or inappropriate remarks to BREEDING, including but not limited to:

a. On or about September 24, 2025, Jones said "if you dress too sexy tomorrow, I might have to change seats";

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

b. On April 24, 2025, Jones said "Angela, baby, I'll so spoil you when you want it" and "both take care of your bodies, I can look but can't touch, both super hot"; and

c. On May 10, 2024, Jones said "I would marry you if you were single."

73. The harassment was severe and pervasive, creating an intimidating, hostile, and offensive work environment that unreasonably interfered with BREEDING's work performance.

74. The harassment perpetrated by the Principal/Founder/Owner of MARIJUANA CLINIC, who held a position of authority, significantly intensified the hostile and intimidating nature of the work environment.

75. MARIJUANA CLINIC knew or should have known of the harassment and failed to take appropriate remedial action.

76. As a direct and proximate result of the hostile work environment, BREEDING has suffered and continues to suffer damages.

77. MARIJUANA CLINIC's actions in creating and maintaining a hostile work environment were intentional, willful, malicious, and/or done with reckless disregard for BREEDING's protected rights, warranting the imposition of punitive damages.

17

WHEREFORE, Plaintiff, BREEDING, respectfully requests judgment in her favor against Defendant, MMJ FLORIDA LLC d/b/a MEDICAL MARIJUANA CLINIC, for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, punitive damages upon proper Motion, attorneys' fees and costs under 42 U.S.C. §1988, and such other further relief that this Court deems just and equitable.

## COUNT VII: SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST MMJ FLORIDA LLC

78.     BREEDING repeats and realleges the allegations set forth in Paragraphs 1-31 as though fully stated herein.

79.     While BREEDING was an employee of MARIJUANA CLINIC, she was subjected to unwelcomed harassment by Jones based on her sexual orientation.

80.     Jones made repeated sexually suggestive or inappropriate remarks to BREEDING, including but not limited to:

a. On or about September 24, 2025, Jones said "if you dress too sexy tomorrow, I might have to change seats";

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

b. On April 24, 2025, Jones said "Angela, baby, I'll so spoil you when you want it" and "both take care of your bodies, I can look but can't touch, both super hot"; and

c. On May 10, 2024, Jones said "I would marry you if you were single."

81. The harassment was severe and pervasive, creating an intimidating, hostile, and offensive work environment that unreasonably interfered with BREEDING's work performance.

82. The harassment perpetrated by the Principal/Founder/Owner of MARIJUANA CLINIC, who held a position of authority, significantly intensified the hostile and intimidating nature of the work environment.

83. MARIJUANA CLINIC knew or should have known of the harassment and failed to take appropriate remedial action.

84. As a direct and proximate result of the hostile work environment, BREEDING has suffered and continues to suffer damages.

85. MARIJUANA CLINIC's actions in creating and maintaining a hostile work environment were intentional, willful, malicious, and/or done with reckless disregard for BREEDING's protected rights, warranting the imposition of punitive damages.

19

WHEREFORE, Plaintiff, BREEDING, respectfully requests judgment in her favor against Defendant, MMJ FLORIDA LLC d/b/a MEDICAL MARIJUANA CLINIC, for violation of the FCRA and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, punitive damages upon proper Motion, interest, attorneys' fees under Fla. Stat. §760.11, and costs, and such other further relief that this Court deems just and equitable.

## COUNT VIII: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST MMJ FLORIDA LLC

86. BREEDING repeats and realleges the allegations set forth in Paragraphs 1-31 as though fully stated herein.

87. In or around May 2025, the FDA raided MARIJUANA CLINIC's facility and confiscated certain items.

88. In connection with same, BREEDING was interviewed by FDA agents and had a lawful obligation to respond to the FDA agents' requests.

89. MARIJUANA CLINIC knew that BREEDING participated in the FDA investigation and provided information regarding MARIJUANA CLINIC's violation of the law prohibiting illegal cosmetic drugs to be delivered or used for or by MARIJUANA CLINIC.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

90. Shortly thereafter, on May 22, 2025, MARIJUANA CLINIC terminated BREEDING's employment.

91. The termination occurred within weeks of BREEDING's participation in the investigation process by the FDA.

92. MARIJUANA CLINIC's termination of BREEDING is causally connected to her participation in the investigation of illegal activities by the FDA.

93. As a result of the retaliation, BREEDING has suffered and continues to suffer damages, including but not limited to loss of income, mental anguish, humiliation, anxiety, loss of enjoyment of life and embarrassment.

94. BREEDING has been injured as a direct and proximate result of the willful and intentional violations of her rights under Title VII.

WHEREFORE, Plaintiff, BREEDING, respectfully requests judgment in her favor against Defendant, MMJ FLORIDA LLC d/b/a MEDICAL MARIJUANA CLINIC, for retaliation in violation of violation of Title VII of the Civil Rights Act of 1964, and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, punitive damages upon proper Motion, attorneys' fees and costs under 42 U.S.C. §1988, and such other further relief that this Court deems just and equitable.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

## COUNT IX: RETALIATION UNDER FLA. STAT. §448.102 (FLORIDA PRIVATE WHISTLEBLOWER ACT) AGAINST MMJ FLORIDA LLC

95.    BREEDING repeats and realleges the allegations set forth in Paragraphs 1-31 as though fully stated herein.

96.    In or around May 2025, the FDA raided MARIJUANA CLINIC's facility and confiscated certain items.

97.    In connection with same, BREEDING was interviewed by FDA agents and had a lawful obligation to respond to the FDA agents' requests.

98.    MARIJUANA CLINIC knew that BREEDING participated in the FDA investigation and provided information regarding MARIJUANA CLINIC's violation of the law prohibiting illegal cosmetic drugs to be delivered or used for or by MARIJUANA CLINIC.

99.    Shortly thereafter, on May 22, 2025, MARIJUANA CLINIC terminated BREEDING's employment.

100.    The termination occurred within weeks of BREEDING's participation in the investigation process by the FDA.

101.    MARIJUANA CLINIC's termination of BREEDING is causally connected to her participation in the investigation of illegal activities by the FDA.

22

102.    As a result of the retaliation, BREEDING has suffered and continues to suffer damages, including but not limited to loss of income, mental anguish, humiliation, anxiety, loss of enjoyment of life and embarrassment.

103.    BREEDING has been injured as a direct and proximate result of the willful and intentional violations of her rights under the Florida Private Whistleblower Act.

WHEREFORE, Plaintiff, BREEDING, respectfully requests judgment in her favor against Defendant, MMJ FLORIDA LLC d/b/a MEDICAL MARIJUANA CLINIC, for retaliation in violation of the Florida Private Whistleblower Act, and seeks back pay, front pay, compensatory damages, punitive damages upon proper Motion, attorneys' fees and costs pursuant to Fla. Stat. §448.104, and such other further relief that this Court deems just and equitable.

## COUNT X: UNPAID WAGES AGAINST MMJ FLORIDA LLC

104.    BREEDING repeats and realleges the allegations set forth in Paragraphs 1-31 as though fully stated herein.

105.    MARIJUANA CLINIC last paid BREEDING for work performed from April 21, 2025 to May 2, 2025.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

106. Accordingly, MARIJUANA CLINIC owes BREEDING her wages for work performed from May 5, 2025 to May 16, 2025, in addition to approximately two (2) weeks of pay for unused PTO.

107. MARIJUANA CLINIC has failed to pay BREEDING her wages in the amount of $3,108.00 for the period of May 5, 2025 to May 16, 2025, in addition to approximately two (2) weeks of pay for unused PTO.

WHEREFORE, Plaintiff, BREEDING, respectfully requests judgment in her favor against Defendant, MMJ FLORIDA LLC d/b/a MEDICAL MARIJUANA CLINIC, jointly and severally with Defendant, AGE MANAGEMENT OPTIMAL HEALTH & WELLNESS LLC, for damages, interest, attorneys' fees and costs pursuant to Fla. Stat. §448.08, and such other further relief that this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff, BREEDING, respectfully requests a jury trial on all claims so triable.

Dated: April 7, 2026                    Respectfully submitted,

By:     /s/ Gina Marie Cadogan
        GINA MARIE CADOGAN
        Fla Bar No: 177350
        MADISON HECKMAN
        Fla Bar No: 1050048

24

CADOGAN LAW
1200 S. Pine Island Road, Suite 370
Plantation, Florida 33324
Telephone: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com
Email: madison@cadoganlaw.com
Email: tyler@cadoganlaw.com

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM